UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACHELL D. WASHINGTON,

        Plaintiff,

v.	Civil Case No. 12-12940
	Honorable Patrick J. Duggan

BAC HOME LOANS SERVICING, L.P.,
f/k/a COUNTRYWIDE HOME LOANS
SERVICING, L.P., and INTERNATIONAL
PLATINUM, INC., d/b/a RIGHT TO
CANCEL.COM,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter arises from the foreclosure of property at 17357 Denby, Redford, Michigan ("Property") and Michigan state court proceedings to evict Machell D. Washington ("Washington") from the Property, which were initiated by BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loan Servicing, L.P. ("BAC" or "BANA").[1]  In response to the eviction proceedings, Washington filed a counter-complaint against BAC and a third-party complaint against

---

[1] Effective July 1, 2011, BAC merged with and into Bank of America, N.A. ("BANA").  BANA therefore is now the proper party to respond to the Complaint. In this decision, the Court will interchangeably use "BAC" or "BANA" to refer to this party, depending on whether the discussed conduct occurred before or after the merger.

International Platinum, Inc., d/b/a Right to Cancel.com ("International Platinum"). Washington's counter- and third-party complaint set forth the following counts: (I) injunctive relief; (II) slander of title/quiet title; (III) fraud/constructive fraud; (IV) violations of the Fair Debt Collection Practices Act ("FDCPA"); (V) breach of contract/promissory estoppel; and, (VI) declaratory relief. (ECF No. 1-3.)

The state district court severed the eviction action from Washington's counter- and third-party complaints, after which BAC removed the counter- and third-party complaints to federal court pursuant to 28 U.S.C. §§ 1331 and 1441.[2] It is now before the Court on BANA's motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil procedure 12(c) on January 28, 2013. Washington filed a response to BANA's motion on March 5, 2013. The parties thereafter stipulated to a number of orders extending the time for BANA to file its reply brief, as the parties were engaged in settlement negotiations. Apparently signaling that their efforts failed, BANA filed a reply brief on September 23, 2013. This Court issued a notice to the parties on September 30, 2013, dispensing with

---

[2] At the time of the removal, Washington had not yet served International Platinum with the third-party complaint. On December 11, 2012, this Court issued an order for Washington to show cause why the action should not be dismissed against International Platinum for failure to serve. (ECF No. 6.) This Court issued an order dismissing International Platinum on January 11, 2013, when Washington failed to respond to the show cause order. (ECF No. 7.)

oral argument with respect to BANA's motion pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants the motion.

## I. Applicable Standard

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-66). Although a court ruling on a Rule 12(b)(6) motion "primarily considers the allegations in the complaint," matters of public record, orders, items appearing in the record of the case, and exhibits

attached to the complaint may also be considered. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted).

## II.     Factual and Procedural Background

On April 18, 2008, Washington obtained a $87,061.00 mortgage loan from Taylor, Bean & Whitaker Mortgage Corporation ("originating lender"). (Compl. ¶ 4; Def.'s Mot. Ex. A.) As security for the loan, Washington granted a mortgage on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the originating lender and its successors and assigns.[3] (*Id.*; Def.'s Mot. Ex. B.) The mortgage was recorded in the Wayne County Register of Deeds on September 18, 2008. (Def.'s Mot. Ex. B.) MERS assigned the mortgage to BAC on January 9, 2010. (Def.'s Mot. Ex. C.) The assignment was recorded in the Wayne County Register of Deeds on March 1, 2010. (*Id.*)

In January 2010, following Washington's default on the mortgage loan (*see* Compl. ¶ 9), BAC initiated foreclosure by advertisement proceedings with respect to the Property. (Def.'s Mot. Ex. D.) The notice required under Michigan's foreclosure by advertisement statute was sent to Washington on January 29, 2010, and published in the Detroit Legal News on January 29, 2010. (*Id*). Washington

---

[3] In her Complaint, Washington identifies the Property as 3859 Fadi, Troy, Michigan. (Compl. ¶ 1.) It appears that this was a drafting error by Washington's former counsel.

did not contact BAC's authorized designee through a housing counselor to set up a meeting to modify the loan within the time period allotted under the foreclosure by advertisement statute. (*Id.*) She alleges that she did contact the loan servicer directly to obtain a loan modification but was told over the phone that she did not qualify. (Compl. ¶ 10.)

Therefore, notice of the foreclosure sale was published in the Detroit Legal News on February 26 and March 5, 12, and 19, 2010. (Def.'s Mot. Ex. D.) Notice of the foreclosure sale also was posted at the Property on March 2, 2010. (*Id.*) At a sheriff's sale on March 31, 2010, BAC purchased the Property for $91,328.60. (*Id.*)

The redemption period with respect to the Property expired on September 30, 2010. (*Id.*) After Washington failed to redeem by that date, BAC initiated eviction proceedings in Michigan district court. In response, as indicated, Washington filed a counter-complaint against BAC and a third-party complaint against Platinum International. On June 4, 2012, the district judge severed the proceedings and stayed the eviction proceedings. (ECF No. 1-2.) Washington was required to pay $550 per month in escrow as a condition for the stay. On October 22, 2012, the stay was lifted after Washington failed to make escrow payments and a default judgment of possession was entered. (Def.'s Mot. Ex. E.)

**III.   Applicable Law and Analysis**

Washington raises five arguments in response to BANA's motion for judgment on the pleadings, which the Court will rely upon in deciphering what violations she is alleging BAC committed that entitle her to the relief requested. Those arguments, as summarized in the response, are:

> I.    The failure to record the assignment of mortgage into [the] chain of title prior to the commencement of the foreclosure process violated [Michigan Compiled Laws] § 600.3204(1)(d).
>
> II.   The mortgage assignment to the foreclosing lender was a nullity violating [Michigan Compiled Laws] § 600.3204(3).
>
> III.  Defendant violated the mediation counseling provisions of Chapter 32 of Michigan Compiled Laws rendering the sheriff's sale and deed invalid.
>
> IV.   Overbidding an FHA property violated [Michigan Compiled Laws] § 600.3228.
>
> V.    Plaintiff had standing to challenge the foreclosure sale after expiration of the redemption period.

(Pl.'s Resp. at 2.)  Washington does not respond to BANA's persuasive arguments for dismissal of her fraud/constructive fraud and breach of contract/promissory estoppel claims (the latter of which she in fact states she no longer is pursuing). (*See id*. at 11.)  As such, Washington effectively has abandoned those claims against BANA.

Foreclosures by advertisement, as well as the rights of both the mortgagor and mortgagee after the foreclosure sale has occurred, are governed by statute under Michigan law. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (applying Michigan law) (citing *Munaco v. Bank of America*, No. 12-1325, 2013 WL 362752, at *3 (6th Cir. Jan. 31, 2013)). After the sale of foreclosed real property, the mortgagor is provided a six-month period in which to redeem the property. *Conlin*, 714 F.3d at 359. If the mortgagor fails to redeem before this period expires, the mortgagor's "right, title, and interest in and to the property" are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 4 N.W.2d 514, 517 (1942); *see also* Mich. Comp. Laws § 600.3236. To that end, a court may only set aside a completed foreclosure sale after the expiration of the redemption period upon "a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant." *Houston v. U.S. Bank Home Mortg. Wisconsin Servicing*, 505 F. App'x 543, 549 (6th Cir. 2012).

Therefore, Washington must make "a clear showing of fraud or irregularity as to the foreclosure proceeding itself" in order for the Court to set aside the sheriff's sale. If Washington cannot make this showing, she cannot demonstrate that she has title to the Property superior to BANA. *See Williams v. Pledged*

*Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012). In that case, she will have no basis to recover the relief she seeks in Counts I, II, or VI of her counter-complaint. *See Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. Mar. 18, 2013) (explaining that requests to quiet title and for injunctive relief are remedies, not separate causes of action).

A party may foreclose by advertisement if certain conditions are met. These include that "[t]he mortgage containing the power of sale has been properly recorded" and that "[t]he party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage." Mich. Comp. Laws § 600.3204(1)(c), (d). The statute also provides: "If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist *prior to the date of sale* under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage." *Id*. § 600. 3204(3) (emphasis added). Section 600.3216 addresses the time and place of the sheriff's foreclosure sale. Mich. Comp. Laws § 600.3216. As such, to comply with the foreclosure by advertisement statute, the assignment to BAC had to be recorded only before the date of the sheriff's sale (i.e. March 31, 2010). The assignment was recorded on March 1, 2010.

Washington alleges that she "never received notice of the Sheriff's Sale by

posting." (Compl. ¶ 17.) This assertion is belied by the public record. (*Id*. Ex. D.) She also alleges that she was wrongfully denied a loan modification in violation of Michigan's loan modification provisions.[4] Michigan's foreclosure by advertisement statute, however, "does not require [the lender] to modify any specific loan, and it does not provide any basis for unwinding the foreclosure." *Ellison v. JP Morgan Chase, N.A.*, No. 12-12629, 2012 U.S. Dist. LEXIS 142386, at *13 (E.D. Mich. Oct. 2, 2012) (Cohn, J.); *see also Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) ("[T]he statute does not permit the Court to set aside a completed foreclosure sale."). Rather, the sole remedy in the statute for commencing a foreclosure in violation of the loan modification procedures is for the mortgagor to convert a foreclosure by advertisement into a judicial foreclosure before it is completed. Mich. Comp. Laws § 600.3205c(8). In the instant action, however, the foreclosure is complete.

---

[4]Washington also alleges that BAC violated Department of Housing and Urban Development ("HUD") regulations. (*See, e.g.*, Compl. ¶ 27; *see also* Pl.'s Resp. Br. at 13.) However, "there is no private cause of action under these regulations. *Bank of America, N.A. v. Dennis*, No. 12-11821, 2013 WL 1212602, at *3 (E.D. Mich. Mar. 25, 2013) (Steeh, J.) (citing *Baumgartner v. Wells Fargo Bank, N.A.*, No. 11-11821, 2012 WL 2223154, *4 (E.D. Mich. June 15, 2012) (dismissing similar claim); *Federal Nat. Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989) (noting that "no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies.")).

Finally, Washington contends that the sheriff's sale should be set aside because BAC "over bid the Property" in violation of Michigan Compiled Law § 600.3228. (Compl. ¶¶ 14, 26.) Section 3228 provides, only, that "[t]he mortgagee, his assigns, or his or their legal representatives, may, fairly and in good faith, purchase the premises so advertised, or any part thereof, at such sale." Mich. Comp. Laws § 600.3228. BAC's bid for the Property was a "full credit bid" and Washington does not deny that she owed this amount on the loan.

Washington, however, claims the bid was unlawful because it was allegedly "50% greater than the current fair market value of the Property." (Compl. ¶ 14.) This argument was recently rejected by one judge in this District, who noted that such bids actually help a borrower because in such situation the borrower "is no longer liable for the debt." *See Rubin v. Fannie Mae*, No. 12-12832, 2012 WL 6000572, at *2 (E.D. Mich. Nov. 30, 2012) (Hood, J.); *see also New Freedom Mortg. Corp. v. Globe Mortg. Corp.*, 281 Mich. App. 63, 68, 761 N.W.2d 832, 836 (2008) (citations omitted) (reflecting approval for full credit bids); *Bank of America, N.A. v. Dennis*, No. 12-11821, 2013 WL 1212602, at 4 (E.D. Mich. Mar. 25, 2013) (Steeh, J.) (rejecting the borrower's argument that credit bidding was a bad faith violation of Michigan Compiled Laws § 600.3228). Washington fails to convince the Court that this regular practice violates Michigan law.

As such, Washington fails to demonstrate fraud or irregularity in connection with the foreclosure process, itself. Even if Washington made such a showing, however, she fails to allege how she was prejudiced by these irregularities. For the alleged foreclosure defects to be actionable to set aside the foreclosure sale, Washington must allege prejudice resulting from the defects. *See Conlin*, 714 F.3d at 361-62 (citing *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329 (2012)). To demonstrate such prejudice, Washington must show that she would have been in a better position to preserve her interest in the property absent [BAC's] noncompliance with the statute." *Kim*, 493 Mich. at 115-16, 828 N.W.2d at 337.

This leaves Washington's FDCPA claim. BANA argues that this claim fails on its merits because BAC was not acting as a "debt collector," as defined in the statute, but rather in the course of its business as a loan servicer. (Def.'s Br. in Supp. of Mot. at 17-18.) As defined in the FDCPA, the term "debt collector" does not include any person attempting to collect "any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person. 15 U.S.C. § 1692a(6)(F)(iii)). Relying on the Sixth Circuit's decision in *Glazer v. Chase Home Finance LLC*, 704 F.3d 453 (2013), Washington argues that because the

assignment of the mortgage to BAC was a nullity, BAC was not a foreclosing lender and was a debt collector under the statute. (Pl.'s Resp. Br. at 12-13.)

Washington argues that the assignment of the mortgage to BAC was a nullity because BAC was not the holder of the note at the time of the assignment. This argument is frivolous under Michigan Supreme Court precedent holding that the mortgage and note "need not be in the same hands." *Residential Funding Co. v. Saurman*, 490 Mich. 909, 910, 805 N.W.2d 183, 184 (2011). Accordingly, BAC in fact was a mortgagor and "creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA."[5] *Mohlman v. Long Beach Mortg.*, No. 12-10120, 2013 WL 490112, at *4 (E.D. Mich. Feb. 8, 2013) (Rosen, C.J.) (citing *Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003); *Givens v. HSBC Mortg. Services*, 08-10985, 2008 WL 4190999 at *1 (E.D. Mich. Aug. 26, 2008) ("[I]t is well settled that the provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors.")).

Moreover, Washington has not pleaded any facts illustrating BAC's purported debt collection activities or how these activities violated the FDCPA.

---

[5]BANA states that BAC also was the servicer, although this is not evident to the Court from Washington's counter-complaint or the public record.

Instead, she merely recites the elements of the statute. This is insufficient to state a claim on which relief may be granted. *Iqbal, supra*.

## IV. Conclusion

For the above reasons, the Court concludes that Washington's counter-complaint against BAC/BANA fails to state a claim on which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Defendant Bank of America, N.A.'s Motion for Judgment on the Pleadings is **GRANTED**.

Dated: October 2, 2013         s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

Copies to:
Stuart Sandweiss, Esq.
Joseph H. Hickey, Esq
Laura C. Baucus, Esq.
Samantha L. Walls, Esq.