UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACHELL D. WASHINGTON,

        Plaintiff,

v.                                                              Civil Case No. 12-12940
                                                                Honorable Patrick J. Duggan

BAC HOME LOANS SERVICING, L.P.,
f/k/a COUNTRYWIDE HOME LOANS
SERVICING, L.P., and INTERNATIONAL
PLATINUM, INC., d/b/a RIGHT TO
CANCEL.COM,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S "MOTION TO ALTER, AMEND OR FOR OTHER RELIEF FROM THE OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS"

This matter arises from the foreclosure of property at 17357 Denby,

Redford, Michigan ("Property") and Michigan state court proceedings to evict

Machell D. Washington ("Washington") from the Property, which were initiated

by BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loan Servicing,

L.P. ("BAC" or "BANA").  In response to the eviction proceedings, Washington

filed a counter-complaint against BAC and a third-party complaint against

International Platinum, Inc., d/b/a Right to Cancel.com ("International Platinum").

After the state court severed the eviction action from Washington's counter- and

third-party complaints, BAC removed the counter- and third-party complaints to federal court. In an Opinion and Order entered October 2, 2013, this Court concluded that Washington failed to state a claim upon which relief could be granted in those complaints. Presently before the Court is Washington's "Motion to Alter, Amend or for Other Relief from the Opinion and Order Granting Defendant's Motion for Judgment on the Pleadings," filed October 30, 2013. Washington indicates that his motion is filed pursuant to Federal Rules of Civil Procure 59(e) and 60(b)(4) and (6).

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5, 128 S. Ct. 2605, 2617 n.5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)). As several judges in this District have stated,

"[Rule 59(e)] motions . . . are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and

are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented."

*Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (quoting *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich.1997), *aff'd* 194 F.3d 1339 (Fed. Cir. 1999)). " 'A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.' " *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *American Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

In his motion, Washington does not identify an issue that the Court overlooked, argue that the Court relied on outdated law, or identify any other mistake in the Court's analysis. Instead, Washington simply reasserts his previous arguments and argues (oftentimes in as confusing a manner as he did in response to BAC's motion) that the Court just got it wrong. This is insufficient to entitle him to Rule 59(e)'s extraordinary remedy. The Court is no more persuaded by Washington's arguments now as it was initially.

Rule 60(b)(4) permits a court to relieve a party from a final judgment, order, or proceeding if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Rule 60(b)(6)

permits a court to grant relief for "any other reason that justifies" it; however, the rule applies only in "exceptional and extraordinary circumstances not addressed by the first five subsections of Rule 60(b)." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001). The exceptional circumstances require "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). For the same reason that the Court rejects Washington's request for relief under Rule 59(e), it finds no reason to grant him relief under Rule 60.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Alter, Amend or for Other Relief from the Opinion and Order Granting Defendant's Motion for Judgment on the Pleadings is **DENIED**.

Dated: December 9, 2013         s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Stuart Sandweiss, Esq.
Joseph H. Hickey, Esq.
Laura C. Baucus, Esq.
Samantha L. Walls, Esq.